UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE BOWMAN, et al., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:13 CV 2519 CDP |
| THE DOE RUN RESOURCES CORP., et al., | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs were plant workers at Doe Run's lead smelter in Herculaneum, Missouri and allege that they and other similarly situated employees were required to perform work duties before and after their shifts without being paid.[1] Plaintiffs bring a collective action for unpaid compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., on behalf of themselves and others similarly situated. Plaintiffs also seek to certify a class action under Federal Rule of Civil Procedure 23 for state law statutory claims under the Missouri Minimum Wage Law (MMWL), Mo. Rev. Stat. § 290.500 et seq., as well as for common law claims of quantum meruit and breach of contract.

---

[1] These duties included obtaining, donning, doffing, washing, and stowing protective clothing and equipment.

Doe Run moves to compel plaintiff Brandon Boyer to arbitrate his claims in accordance with a separation agreement entered into with Boyer when the lead smelter closed. Because plaintiff Boyer does not contest arbitration of his claims, the motion to compel will be granted. I will stay Boyer's claims pending completion of arbitration. See 9 U.S.C. § 3.

Doe Run also moves to dismiss plaintiffs' breach of contract (Count III) and quantum meruit (Count IV) claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). "To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although I must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Doe Run argues that plaintiffs have failed to state a breach of contract claim because they do not allege the existence of a valid and enforceable contract. Doe Run also contends that plaintiffs have not adequately alleged the elements of a quantum meruit claim. In opposition to dismissal, plaintiffs clarify that they are bringing a claim for breach of an at-will employment agreement to pay straight time wages for all hours worked in the five year period preceding the filing of the complaint. Under Missouri law, "the only legally enforceable promise created out of at-will employment is the employer's promise, whether express or implied, *to pay the employee for the work performed by the employee.*" Morrow v. Hallmark Cards, Inc., 273 S.W.3d 15, 26 (Mo. Ct. App. 2008) (emphasis supplied). This is exactly the kind of claim brought by plaintiffs. Plaintiffs allege that they were employed by Doe Run, were required to perform extra duties in conjunction with their employment by Doe Run, and were not properly paid for these extra duties. These allegations adequately state a breach of contract claim. They also support plaintiffs' quantum meruit claim, particularly when considered in conjunction with plaintiffs' allegations that Doe Run knowingly accepted the benefit of this unpaid work. Whether plaintiffs may ultimately be entitled to relief on these claims is not before me at this time. However, I cannot dismiss them on this basis at this stage of the proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Doe Run's motion to compel arbitration [#12] is granted as follows: plaintiff Brandon Boyer is ordered to arbitrate his claims as set out in his separation agreement, and the claims of plaintiff Brandon Boyer against defendant Doe Run are stayed pending completion of arbitration.

**IT IS FURTHER ORDERED** that the motion to dismiss [#10] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2014.