UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANE BOWMAN, et al.,<br>individually and on behalf of all<br>others similarly situated,<br><br>   Plaintiffs,<br><br> vs.<br><br>THE DOE RUN RESOURCES<br> CORP., et al.,<br><br>   Defendants. | Case No. 4:13 CV 2519 CDP |

# **MEMORANDUM AND ORDER**

This matter is before me on defendants' motion in opposition to the *pro hac vice* admission of John J. Givens. Defendants argue that I should deny *pro hac vice* admission to Givens based on alleged violations of the Missouri Rules of Professional Conduct. Defendants apparently reported these alleged violations to the Missouri Office of the Chief Disciplinary Counsel, which declined jurisdiction over the complaint because Givens is an Alabama attorney. Defendants complain that they are "left without recourse to address the harm caused . . . by the violations of the Rules." Defendants also contend that I should rescind the *pro hac vice* admission status of Givens' co-counsel, Robert J. Camp, for the same reasons.

I will deny this motion as there is no pending *pro hac vice* application for Givens before me. I also decline to reconsider the admission status of Camp, for

defendants have provided me with no evidence that he does not meet the requirements for *pro hac* admission to this bar. I also note that defendants' complaint about "lack of recourse" rings hollow, as they can certainly file a complaint with the Alabama State Bar, Center for Professional Responsibility as suggested by Missouri's OCDC. If Alabama investigates any such complaint and takes any action such that the basis for Camp's *pro hac* admission status changes, Camp is obligated to so inform this Court, and I expect him to do so. I also have no doubt that if such an eventuality takes place, defendants will tell me all about it. Until such time, however, I decline to reconsider my prior Order.

I am much more concerned about the "scorched earth" tactics currently being employed by both sides in this litigation. Although this case is in its earliest stages, I have already had both sides impugn the integrity of each other's lawyers. I expect better from the attorneys who appear before me. This is not an acceptable "litigation strategy," and such continued behavior will result in the issuance of sanctions.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to disqualify counsel [#30] is denied.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2014.