UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE BOWMAN, et al., | ) | |
| individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13 CV 2519 CDP |
| | ) | |
| THE DOE RUN RESOURCES | ) | |
| CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendant Doe Run's motion to compel arbitration.

Doe Run seeks to compel arbitration of certain potential opt-in plaintiffs based upon an

arbitration provision contained in their separation agreements. Previously, plaintiffs had

not contested arbitration of the claims of other potential opt-in plaintiffs who had signed

identical separation agreements. Now, however, plaintiffs have apparently decided not to

consent to the arbitration of the claims of any future opt-in plaintiffs based upon a

decision from the Missouri Supreme Court, Baker v. Bristol Care, Inc., 2014 WL

4086378 (Mo. Aug. 19, 2014). This opinion has not been released for publication in the

permanent law reports and therefore remains subject to revision or withdrawal.

According to plaintiffs, however, this opinion somehow gives them cause to challenge the

arbitration provisions in the separation agreements, and they claim they will need

discovery to establish the validity of the arbitration provisions in dispute. I have read the

Missouri Supreme Court's opinion, and I am doubtful that it even applies in a case such as this, where the separation agreements were entered into at the conclusion of employment as opposed to as a condition for continued employment as in Bristol Care. I am also skeptical of plaintiffs' claims of needed discovery before they may properly respond to the motion. I need not reach that issue, however, as I believe the motion should be denied without prejudice pending the completion of mediation. If the parties are unable to resolve this case during mediation – and I strongly urge them to use their best efforts to do so – then Doe Run may re-raise the arbitration issue if necessary.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to compel arbitration [#99] is denied without prejudice.

**IT IS FURTHER ORDERED** that the motion to strike [#104] is denied as moot.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2014.