UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE BOWMAN, et al., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:13 CV 2519 CDP |
| THE DOE RUN RESOURCES CORP., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the joint statement regarding mediation. Although the parties have agreed to mediate their dispute, defendant Doe Run contends that it will only mediate and provide discovery relating to the claims of plaintiffs and opt-ins who have not signed arbitration agreements with Doe Run. For their part, plaintiffs argue that Doe Run should be required to mediate the claims of all plaintiffs and opt-in plaintiffs, even if they signed arbitration agreements. Let me be clear – Doe Run is not obligated to mediate the claims of any potential opt-ins who were previously ordered to arbitrate their claims by prior Order of this Court. As for those opt-ins who have an arbitration provision contained in their separation agreement but have not been ordered to arbitrate because plaintiffs refused to consent, I expect Doe Run to provide discovery for these opt-ins and include their claims in mediation. If the claims of certain opt-ins are not resolved during the mediation process, then the issue may be re-raised if necessary at the

conclusion of mediation. However, the Court denied Doe Run's motion to compel in part so the parties could negotiate and hopefully resolve this issue during mediation, a goal which would be thwarted at the outset if the parties do not at least exchange the basic information about these individuals and include their claims in settlement discussions.

Accordingly,

**IT IS HEREBY ORDERED** that the case will be referred to mediation as set out above by separate Order.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2014.